IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMMEL B. VALERA,<br><br>           Petitioner,<br>  vs.<br><br><br>CALIFORNIA SUPREME COURT,<br><br>           Respondent. | No. C 05-2568 JSW (PR)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND, DENYING MOTION TO PROCEED IN FORMA PAUPERIS, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK<br><br>(Docket Nos. 2, 3) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

I.    DISMISSAL WITH LEAVE TO AMEND

In this case, Petitioner did not complete the Court's form for a petition for a writ of habeas corpus specifying each of his claims. Petitioner left blank the section entitled "GROUNDS FOR RELIEF," where the form instructs Petitioner to "[s]tate briefly every reason that you believe you are being confined unlawfully." The Court notes that Petitioner must fully complete this Court's habeas petition form which is attached to this order and identify separately therein each claim he seeks to raise, as well as in any other

1

materials he may wish to attach for reference.

Furthermore, Petitioner has named as respondent the California Supreme Court. The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). A custodian "'is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of the petitioner.'" *Id.* (quoting *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. *Id.* However, a petitioner ordinarily should be given leave to amend his petition to name the correct party as respondent. *See id.*

The petition is therefore DISMISSED WITH LEAVE TO AMEND within thirty days of the date of this order.

II.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

On June 23, 2005, Petitioner filed an application to proceed *in forma pauperis*. On that same day, the Court sent a notification to Petitioner that his *in forma pauperis* application was insufficient because he did not submit either a completed Certificate of Funds in Prisoner's Account, or a copy of his prisoner trust account statement (docket no. 4). Petitioner did not submit the required documents, but paid the filing fee on July 11, 2005. As Petitioner has paid the filing fee, the motion to proceed *in forma pauperis* is DENIED as moot (docket no. 2).

III.   MOTION FOR APPOINTMENT OF COUNSEL

Petitioner also filed a motion for appointment of counsel (docket no. 3). Petitioner requests that counsel be appointed because he "is not a native English speaker, nor sufficiently educated and conversant in the law to represent himself." (Pet.'s Req. for Appt. of Counsel.) However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas

petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728.

Here, no evidentiary hearing appears necessary at this time. The Court concludes that the interests of justice do not require appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel (docket no. 3) is DENIED without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown:

1. Petitioner's motion to proceed *in forma pauperis* is DENIED (docket no. 2).

2. Petitioner's motion for appointment of counsel is DENIED without prejudice (docket no. 3).

3. The petition is dismissed with leave to file an amended petition within **thirty (30) days** of the date of this order in which Petitioner completes this Court's form habeas petition and presents only claims for violations of his rights under the laws, treaties, or Constitution of the United States. Each and every such claim must have been presented to the California Supreme Court before it may be asserted in a federal habeas action. The amended petition must contain the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Petitioner must also name as respondent the warden of the prison where he is incarcerated. Failure to file an amended petition by the deadline will result in the dismissal of this action for failure to state a claim.

4. The clerk is instructed to provide Petitioner a copy of this Court's habeas petition form with a copy of this order.

5. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a

timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

DATED: November 23, 2005

                                    JEFFREY S. WHITE  
                                    United States District Judge