IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMMEL B. VALERA,<br>　　　　Petitioner,<br>　vs.<br>A. P. KANE, Warden,<br>　　　　Respondent. | No. C 05-2568 JSW (PR)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of his state conviction. Petitioner has paid the filing fee. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted after trial in Santa Clara County Superior Court of attempted murder, assault with a deadly weapon, shooting into an inhabited dwelling, personal use of a firearm and personally inflicting great bodily injury and sentenced to 34 years plus eight months in state prison. Petitioner appealed his conviction to the California Court of Appeal which denied the appeal in 2004. The Supreme Court of California denied his petition in 2004. Petitioner filed the instant federal action on June 23, 2005.

## DISCUSSION

I     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II     Legal Claims

The petition raises the following ground for relief: (1) the trial court's instructional errors violated Petitioner's Sixth Amendment rights under the Fifth, Sixth and Fourteenth Amendments; and (2) Petitioner's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment. Liberally construed, it does not appear from the face of the petition that Petitioner is not entitled to relief. Accordingly, Respondent is ordered to respond to the petition as set forth below.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If Petitioner wishes to respond

2

to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of his receipt of the answer.

    3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

    4. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

DATED: May 21, 2007

JEFFREY S. WHITE
United States District Judge

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

VALERA,

        Plaintiff,

  v.

CALIFORNIA SUPREME COURT et al,

        Defendant.

                                    /

Case Number: CV05-02568 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 21, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rommel B. Valery
T93689
North Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: May 21, 2007

*Jennifer Ottolini*

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk